FILED
2025 Jun-10 AM 09:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ROBERT BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. __________________** |
| | ) | |
| **THE LINCOLN NATIONAL** | ) | |
| **LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Robert Brown ("Brown"), by and through undersigned counsel, and files this Complaint against The Lincoln National Life Insurance Company ("Lincoln") pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., for denial of long-term disability ("LTD") benefits owed under an ERISA-governed group disability plan.

## PARTIES

1. Plaintiff, Robert Brown ("Brown"), is a participant in an ERISA-governed welfare benefit plan sponsored by his former employer, SABIC Innovative Plastics. This plan included group long-term disability coverage identified as Claim No.: 11658679. Brown has been improperly denied long-term disability benefits under this plan.

2. Defendant, The Lincoln National Life Insurance Company ("Lincoln"), is upon information belief, the insurer and Claims Administrator for the policy issued to SABIC Innovative Plastics. Lincoln is a foreign corporation conducting business nationwide, including with the State of Alabama and this judicial district, with its principal place of business, 1301 S. Harrison Street Fort Wayne, IN 46802.

## JURISDICTION AND VENUE

3. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Plaintiff asserts claims for long-term disability benefits, enforcement of ERISA rights, and statutory violations under 29 U.S.C. § 1132. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(a), (e)(1), and (f), as well as 28 U.S.C. § 1331, without regard to the amount in controversy or the citizenship of the parties. Venue is proper in this judicial district under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

4. Mr. Brown was employed by SABIC Innovative Plastics as an Instrument and Electrical Technician ("I/E Technician") until March 21, 2021, when he ceased working due to disabling psychiatric symptoms, including generalized anxiety disorder and major depressive disorder.

5. Lincoln initially approved benefits beginning September 27, 2021. Thereafter, Lincoln terminated benefits on December 26, 2021, asserting that Mr.

Brown no longer met the definition of disability under the plan despite no change in condition.

6. Mr. Brown appealed the denial and submitted additional medical evidence, including reports from his treating psychiatrist, Dr. Melissa Golden, and psychologist, Dr. Stephen Blotcky, indicating persistent functional impairment due to depression, PTSD, and anxiety.

7. Lincoln's consultants, including Dr. Tracey Burrell, conducted a file review only and issued a report rejecting all functional limitations despite never examining Mr. Brown in person.

8. Lincoln denied the appeal and issued a final determination on December 20, 2022.

9. Lincoln failed to schedule an Independent Medical Examination (IME) or obtain updated clinical assessments beyond selective paper reviews. Records from Dr. Golden and Dr. Blotcky were either ignored or discounted without adequate justification.

10. Lincoln terminated Mr. Brown's benefits without substantial justification, ignored clear medical evidence of disability and failed to conduct any meaningful evaluation of his limitations.

11. As of this date, Mr. Brown has been denied benefits rightfully owed to him under the plan. Defendant's decision to deny LTD benefits under the plan was grossly wrong, without basis and contrary to the evidence.

12. Mr. Brown met and continues to meet the plan definition of "disabled".

13. Upon information and belief, the policy does not grant discretionary authority to determine eligibility for benefits to any other entity who may have adjudicated Mr. Brown's claim. Therefore, the Court should review the Plaintiff's claim for benefits under a *de novo* standard. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). In the alternative, the denial of Plaintiff's benefits constitutes an abuse of discretion.

14. Upon information and belief, Defendant was required to both evaluate and pay claims under the policy at issue, creating an inherent conflict of interest.

15. Mr. Brown has exhausted any applicable administrative review procedures, and Defendant's refusal to pay benefits is both erroneous and unreasonable and has caused tremendous financial hardship on Plaintiff.

**DEFENDANT'S WRONGFUL AND UNREASONABLE CONDUCT**

16. Lincoln disregarded the opinions of Mr. Brown's treating mental health professionals and relied on non-examining consultants to justify terminating benefits.

17. The peer reviewer, Dr. Burrell, issued a perfunctory report asserting there was "no indication" of functional impairment—despite significant evidence of mood disorder symptoms and impaired occupational functioning.

18. Lincoln failed to consider how Plaintiff's psychiatric impairments impacted his ability to function in a safety-sensitive technical occupation.

19. Lincoln denied the appeal without providing Plaintiff the opportunity to respond to its final medical review findings.

## CAUSES OF ACTION

### ERISA (Claim for Benefits Owed under Plan)

20. Plaintiff realleges paragraphs 1 through 19 as if fully set forth herein.

21. Plaintiff is disabled under the terms of the LTD policy and is entitled to continued benefits beyond December 26, 2021.

22. Plaintiff met and continues to meet the definition of "disabled" under the terms of the Plan.

23. Defendant's decision to deny and uphold the termination of LTD benefits was unreasonable, arbitrary, and unsupported by substantial evidence.

24. Defendant's actions constitute a breach of their fiduciary duties under ERISA and a violation of Plaintiff's rights under the Plan.

25. As more fully described above, the denial, termination, and refusal to provide or pay Mr. Brown benefits under the Plan for the period of at least on or about

December 26, 2021 through the present constitutes a breach of Defendant's obligations under the plan and ERISA. The decision to deny benefits to Mr. Brown was not reasonable and it was not based on substantial evidence.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays the Court to enter judgment for Plaintiff and otherwise enter an Order providing that:

1. The applicable standard of review in this case is *de novo*;

2. That the Court may take and review the records of Defendant and any other evidence that it deems necessary to conduct an adequate *de novo* review;

3. From at least March 2021 through the present, Mr. Brown met the Plan's definitions of disabled;

4. Defendants shall pay Mr. Brown all unpaid benefits due for the period from at least December 2021 through the present in accordance with the policy;

5. Defendants shall pay Plaintiff compounding prejudgment interest on all contractual benefits that have accrued prior to the date of judgment in accordance with 29 U.S.C. § 1132(a)(1)(B) or 29 U.S.C. § 1132(a)(3);

6. Defendants shall pay attorney's fees for Plaintiff's counsel pursuant to 29 U.S.C. § 1132(g);

7. Plaintiff be awarded any and all other contractual and/or equitable relief to which he may be entitled, as well as the costs of suit.

Respectfully Submitted,

/s/ *Amanda Stansberry*
Amanda Stansberry (ASB-7793-M64S)

COX, STANSBERRY & KINSLEY, LLC
3535 Grandview Parkway
Suite 310
Birmingham, Alabama 35243
Phone: 205-870-1205
Fax: 205-870-1252
astansberry@cskattorneys.com

**PLEASE SERVE DEFENDANTSBY CERTIFIED MAIL AT:**

Lincoln National Life Insurance Company
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104