FILED
2025 Aug-20 PM 12:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| ROBERT BROWN,<br><br>Plaintiff,<br><br>vs.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | ) | Case No. 2:25-cv-00897-JHE |

**DEFENDANT'S ANSWER TO COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") answers the Complaint filed by Plaintiff Robert Brown ("Plaintiff") and alleges as follows:

**FOR A FIRST DEFENSE**

**PARTIES**

1. Regarding the allegations contained in Paragraph 1 of the Complaint, Lincoln admits that it issued Group Disability Income Policy No. GF3-810-259956-01 (the "Policy"), to SABIC Innovative Plastics US LLC ("SABIC"), which Policy, at certain times, insured benefits from the SABIC Innovative Plastics US LLC Long Term Disability Plan (the "LTD Plan") sponsored by SABIC. Lincoln admits that, at certain times, Plaintiff was employed by SABIC and a participant in the LTD Plan. Lincoln admits that Plaintiff submitted a claim for

benefits from the LTD Plan under the Policy that was assigned claim number 11658679. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits that the LTD Plan and Plaintiff's claim for benefits from the LTD Plan under the Policy are governed by the Employee Retirement Income Security Act ("ERISA"). Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Regarding the allegations contained in Paragraph 2 of the Complaint, Lincoln admits that it issued the Policy to SABIC and that it was the claim administrator for Plaintiff's claim for benefits from the LTD Plan under the Policy that is the subject of the above-styled action. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan. Lincoln admits it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania, and that it is lawfully authorized to do business in Alabama. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Regarding the allegations contained in Paragraph 3 of the Complaint, Lincoln admits that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)) under the jurisdiction of this Court under 28 U.S.C. § 1331. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits

from the LTD Plan under the Policy, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits that venue of this action is proper in this Court. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

## STATEMENT OF FACTS

4. Regarding the allegations contained in Paragraph 4 of the Complaint, Lincoln admits that Plaintiff was, at certain times, employed by SABIC as an Instrument and Electrical Technician and that Plaintiff's last day of work at SABIC was March 21, 2021. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Regarding the allegations contained in Paragraph 5 of the Complaint, Lincoln admits Plaintiff received, at certain times, benefits from the LTD Plan under the Policy. Lincoln admits that it sent a letter dated December 28, 2021, to Plaintiff and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Regarding the allegations contained in Paragraph 6 of the Complaint, Lincoln admits that it received an appeal of the denial of further benefits from the LTD Plan under the Policy, along with additional documentation, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Regarding the allegations contained in Paragraph 7 of the Complaint, Lincoln admits that medical reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Regarding the allegations contained in Paragraph 8 of the Complaint, Lincoln admits that it sent a letter dated December 20, 2022, to an attorney representing Plaintiff at the time, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Regarding the allegations contained in Paragraph 9 of the Complaint, Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln and that

such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Regarding the allegations contained in Paragraph 10 of the Complaint, Lincoln denies these allegations.

11. Regarding the allegations contained in Paragraph 11 of the Complaint, Lincoln denies these allegations.

12. Regarding the allegations contained in Paragraph 12 of the Complaint, Lincoln denies these allegations.

13. Regarding the allegations contained in Paragraph 13 of the Complaint, to the extent that this Paragraph seeks to interpret either the Policy or other documents relevant to the LTD Plan under the Policy, Lincoln refers to the Policy and the documents themselves as the best evidence of their contents. To the extent that Paragraph 13 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Regarding the allegations contained in Paragraph 14 of the Complaint, Lincoln admits that it was the claim administrator for Plaintiff's claim for benefits from the LTD Plan under the Policy that is the subject of the above-styled action. Lincoln admits that it issued the Policy to SABIC, which, at certain times, insured

benefits paid by the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Regarding the allegations contained in Paragraph 15 of the Complaint, Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Regarding the allegations contained in Paragraph 16 of the Complaint, Lincoln denies these allegations.

17. Regarding the allegations contained in Paragraph 17 of the Complaint, Lincoln admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Regarding the allegations contained in Paragraph 18 of the Complaint, Lincoln denies these allegations.

19. Regarding the allegations contained in Paragraph 19 of the Complaint, Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 19 of the Complaint.

## CAUSES OF ACTION

### ERISA (Claim for Benefits Owed under Plan

20. Regarding the allegations contained in Paragraph 20 of the Complaint, Lincoln incorporates its responses to Paragraphs 1-19 by reference as if fully set forth herein.

21. Regarding the allegations contained in Paragraph 21 of the Complaint, to the extent that this Paragraph seeks to interpret either the Policy or other documents relevant to the LTD Plan under the Policy, Lincoln refers to the Policy and the documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Regarding the allegations contained in Paragraph 22 of the Complaint, Lincoln denies these allegations.

23. Regarding the allegations contained in Paragraph 23 of the Complaint, Lincoln denies these allegations.

24. Regarding the allegations contained in Paragraph 24 of the Complaint, Lincoln denies these allegations.

25. Regarding the allegations contained in Paragraph 25 of the Complaint, Lincoln denies these allegations. No response is required to the "WHEREFORE" Paragraph thereafter, as said Paragraph makes no factual allegations but only states the relief sought by Plaintiff. To the extent a response is required, Lincoln denies all allegations contained in the WHEREFORE Paragraph under the Prayer for Relief of the Complaint and Paragraphs 1-7 thereunder and denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever.

Unless specifically admitted herein, Lincoln denies each and every allegation of the Complaint.

**FOR A SECOND DEFENSE**

26. To the extent the Complaint seeks extra-contractual or "make whole" damages in addition to LTD benefits allegedly due and attorneys' fees and costs as provided by ERISA, no such relief is available to Plaintiff as a matter of law.

**FOR A THIRD DEFENSE**

27. The claim and appeal determinations in this matter were reasonable and were not arbitrary and capricious or an abuse of discretion under ERISA.

**FOR A FOURTH DEFENSE**

28. Some or all of the claims asserted or relief sought by Plaintiff in the Complaint are barred by the doctrines of laches, waiver, estoppel, unclean hands, and/or failure to fulfill conditions precedent under the terms of the applicable plans because of Plaintiff's failure to submit all relevant documents in support of Plaintiff's claim and appeals and/or failure to comply with other plan requirements.

**FOR A FIFTH DEFENSE**

29. Plaintiff's claim for recovery of benefits is subject, in whole or in part, to an offset pursuant to the terms of the document governing the long term disability plan, resulting from Plaintiff's receipt of benefits from other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's own or Plaintiff's dependent(s)'s behalf.

**FOR A SIXTH DEFENSE**

30. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

**FOR A SEVENTH DEFENSE**

31. Based on the appropriateness of the denial and the lack of any improper conduct by Lincoln, Lincoln requests that the Court order its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) of ERISA.

**FOR AN EIGHTH DEFENSE**

32. Plaintiff's claim against Lincoln is barred because he failed to file this action within the applicable legal and/or contractual statute of limitations period.

**FOR A NINTH DEFENSE**

33. Lincoln reserves the right to assert additional defenses.

WHEREFORE, Lincoln prays that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted,

*s/ Iwana Rademaekers*
Iwana Rademaekers
(Admitted *Pro Hac Vice*)
Texas Bar No. 16452560
Attorney for Defendant
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

AND

MATTHEW W. ROBINETT
ASB-3523-I72M
Attorney for Defendant
NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 328-6643
Facsimile: (205) 251-5479
Email: mrobinett@nwkt.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of August 2025, I electronically filed the foregoing with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to counsel for the following parties:

Amanda Stansberry (ASB-7793-M64S)
Email: astansberry@cskattorneys.com

*/s/ Iwana Rademaekers*
Iwana Rademaekers